```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| FRED TRAVERSO, | CIVIL ACTION NO. 07-1324 (MLC) |
| Plaintiff, | **O R D E R** |
| v. |  |
| HOME DEPOT U.S.A., INC., d/b/a THE HOME DEPOT |  |
| Defendant. |  |

**THE PLAINTIFF** having commenced this action "individually and on behalf of all others similarly situated" against the defendant, Home Depot U.S.A., Inc., d/b/a The Home Depot ("Home Depot"), alleging (1) breach of contract, and (2) violations of the New Jersey Consumer Fraud Act ("NJCFA") (dkt. entry no. 1, Compl.); and Home Depot moving to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (dkt. entry no. 6); and plaintiff opposing the motion (dkt. entry no. 8); and

**IT APPEARING** that on a motion to dismiss under Rule 12(b)(6), the Court generally must accept as true all of the factual allegations in the complaint, and must draw all reasonable inferences in favor of the plaintiff, Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 134 (3d Cir. 2004), Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001); but it also appearing that the Court need not credit bald assertions or legal conclusions alleged in the complaint, In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997), Morse

v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); and it appearing that the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)", Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007); and it appearing that the Court when considering a motion to dismiss, may generally not "consider matters extraneous to the pleadings", In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1426, but may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint without converting the motion to dismiss into one for summary judgment, Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 342 (3d Cir. 2004); and

    **HOME DEPOT** arguing that (1) plaintiff admits that the parties entered into a valid agreement for carpet installation, but plaintiff fails to allege "that Home Depot did anything constituting a breach of the Agreement or that he suffered any damages as a result of Home Depot's conduct" (Home Depot Br., at 5-9), (2) plaintiff has not sufficiently alleged that Home Depot engaged in any unlawful practice or conduct under the NJCFA (id. at 9-11), (3) to the extent plaintiff's NJCFA claim alleges that Home Depot's unlawful conduct was an omission, plaintiff's claim is deficient for failing to allege that Home Depot knowingly made

such omission with the intent to induce reliance (id. at 11-12), (4) plaintiff's NJCFA claim must fail because he has not alleged that he suffered any ascertainable loss or any causal nexus between any loss and Home Depot's actions or practices (id. at 12-14), (5) the economic loss doctrine bars plaintiff's NJCFA claim (id. at 14-16), (6) plaintiff's NJCFA claim does not meet the heightened pleading requirements of Rule 9(b), and (7) the voluntary payment doctrine bars plaintiff's claims (id. at 17-19); and

**PLAINTIFF** arguing in response that, inter alia, (1) the United States District Court for the Southern District of Florida has already determined that a plaintiff asserting a substantially similar breach of contract claim against Home Depot sufficiently stated a claim to survive a Rule 12(b)(6) motion to dismiss (Pl. Br., at 6-11), (2) Home Depot breached its contract with plaintiff and other members of the class by overestimating the area to be carpeted, and thus, charging them for services they did not receive (id. at 13), (3) Home Depot misrepresented how the charges for installation would be calculated in its customer agreements causing "ascertainable loss to Plaintiff and members of the class in the amount of overcharge for carpet installation services, and that loss was a direct result of [Home Depot's] unlawful conduct in violation of the [NJCFA]" (id. at 19-20), (4) plaintiff is not required to show intent to establish his NJCFA

claim because such claim is based on Home Depot's affirmative acts, not omissions (id. at 21-22), (5) Home Depot proximately caused plaintiff's ascertainable losses (id. at 23-25), (6) the economic loss doctrine does not apply to a NJCFA claim (id. at 26-29), (7) the complaint satisfies the heightened pleading requirements of Rule 9(b) (id. at 29-31), and (8) the voluntary payment doctrine is inapplicable here (id. at 31-32); and

**THE COURT** noting that a plaintiff asserting a NJCFA claim must show that (1) the defendant committed an unlawful practice that violates the NJCFA, (2) the plaintiff suffered an ascertainable loss as a result of the unlawful conduct, and (3) a causal relationship exists between the unlawful practice and the plaintiff's loss, Szczubelek v. Cendant Mortg. Corp., 215 F.R.D. 107, 121 (D.N.J. 2002); and the Court also noting that "unlawful practices" include affirmative acts, omissions, and violations of state regulations, id. at 125; and it appearing that the economic loss doctrine prevents a plaintiff from recovering in tort for economic losses flowing from a contract, Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 618 (3d Cir. 1995), but "[n]o New Jersey Supreme Court case holds that a fraud claim cannot be maintained if based on the same underlying facts as a contract claim", Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 144 (3d Cir. 2001); and it appearing further that the distinction between fraud in the inducement and fraud in the performance of a

4

contract remains relevant to the application of the economic loss doctrine in New Jersey because courts have continued to affirm "the conceptual distinction between a misrepresentation of a statement of intent at the time of contracting, which then induces detrimental reliance on the part of the promisee, and the subsequent failure of the promisor to do what he has promised", Lo Bosco v. Kure Eng'g Ltd., 891 F.Supp. 1020, 1032 (D.N.J. 1995); and the Court acknowledging that New Jersey federal and state courts permit fraud claims to proceed with a breach of contract claim when the fraud arises out of fraud in the inducement or pre-contractual misrepresentations, but the "mere 'subsequent failure of the promisor to do what he has promised' is not recoverable in tort", Vukovich v. Haifa, Inc., No. 03-737, 2007 U.S. Dist. LEXIS 13344, at *24 (D.N.J. Feb. 28, 2007) (concluding that the court could only consider claims of fraud in the inducement in evaluating NJCFA and common law fraud claims), see Shan Indus., LLC v. Tyco Int'l (US), Inc., 04-1018, 2005 U.S. Dist. LEXIS 37983, at *17-*26 (D.N.J. Sept. 12, 2005); and

**THE COURT** noting that plaintiff has not alleged that Home Depot made any pre-contractual misrepresentations, but instead, plaintiff's NJCFA claim is based solely on alleged misstatements contained in the Special Services Customer Invoice and Home Depot Special Services/Home Improvement Agreement, which plaintiff and Home Depot entered into on April 2, 2005; and the Court therefore

5

determining that plaintiff's NJCFA claim is barred by the economic loss doctrine because (1) plaintiff has only asserted a fraud in the performance claim, (2) plaintiff has not shown that at the time the invoice and agreement were executed, Home Depot had a present intent not to perform its obligations under that invoice and agreement, and (3) the misrepresentations underlying plaintiff's claim arose during performance of the agreement, see Vukovich, 2007 U.S. Dist. LEXIS 13344, at *24-*25 (explaining that the Court can only consider a fraud in the inducement claim alongside a breach of contract claim); and

**THE COURT** also determining that, assuming all facts asserted in the complaint are true, plaintiff has set forth sufficient factual allegations in support of his breach of contract claim to "raise a right to relief above the speculative level", Twombly, 127 S.Ct. at 1965 (see dkt. entry no. 1, Compl., at ¶¶ 25-26 (asserting that plaintiff's contract with Home Depot provides that Home Depot would charge him for carpet installation services based on an estimate of the room's dimensions, but Home Depot "charged plaintiff for carpet installation services in an amount based upon the measure of the carpet ordered under the contract and thereby charged plaintiff for services [Home Depot] did not render, overcharged plaintiff, and breached its contract with plaintiff"); and the Court thus intending to (1) deny the motion insofar as it seeks to dismiss the breach of contract claim

6

(count 1), and (2) grant the motion insofar as it seeks to dismiss the NJCFA claim (count 2);[1] and the Court deciding the motion without oral hearing and on the papers, see Fed.R.Civ.P. 78; and for good cause appearing;

---

[1] Plaintiff requests permission to amend the complaint "to the extent that the Court finds any of Plaintiffs' allegations in the breach of contract and/or the New Jersey Consumer Fraud Act are deficient or to the extent that discovery reveals additional facts or claims which Plaintiffs should assert." (Dkt. entry no. 8, Pl. Br., at 11 n.7.) If, based on this order, plaintiff would like to seek leave to amend the complaint, he may move before the Magistrate Judge and attach a copy of the proposed amended complaint pursuant to Local Civil Rule 7.1(f).

**IT IS THEREFORE** on this     22nd     day of October, 2007 **ORDERED** that defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (dkt. entry no. 6) is **GRANTED IN PART** and **DENIED IN PART** as follows:

**DENIED TO THE EXTENT** that it seeks to dismiss the breach of contract claim (count 1), and

**GRANTED TO THE EXTENT** that it seeks to dismiss the New Jersey Consumer Fraud Act claim (count 2); and

**IT IS FURTHER ORDERED** that the complaint insofar as it asserts a New Jersey Consumer Fraud Act claim is **DISMISSED WITHOUT PREJUDICE.**

                                    s/ Mary L. Cooper
                                **MARY L. COOPER**
                                United States District Judge