## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

FRED TRAVERSO, individually and
on behalf of all others similarly situated,

                    Plaintiffs,

        v.

HOME DEPOT U.S.A., INC., d/b/a The
Home Depot,

                    Defendant.

Civil Action No. 3:07-cv-01324
(MLC)(JJH)

**RECEIVED**

**FEB 0 4 2008**

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## JOINT PROPOSED DISCOVERY CONFIDENTIALITY ORDER

This matter comes before the Court upon the Parties' Joint Motion for a Discovery Confidentiality Order.

WHEREAS, the Parties seek to preserve their privacy and proprietary interests in information, without unduly encroaching on the public's right to be informed of judicial proceedings, and recognizing that a Party seeking to protect information filed under seal with the Court must show good cause for sealing that part of the record and that either Party and any interested member of the public may challenge any designation of confidentiality pursuant to this Discovery Confidentiality Order ("Order");

WHEREAS, the Parties and counsel will act in good faith in designating records pursuant to the protections provided by this Order; and

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 5. 3 of the Local Rules of the United States District Court for the District of New Jersey ("Local Rules"), the Court hereby enters this Order limiting the disclosure of certain information produced or otherwise discovered. The Parties (and other individuals and entities as stated herein) are hereby bound by the restrictions of this Order limiting the use of such information as provided;

IT IS HEREBY ORDERED that the following protective provisions shall govern any discovery conducted by the Parties in this action:

1.      Any information, document, or thing produced or created in connection with this litigation that is reasonably believed by a Producing Party to contain non-public proprietary or confidential information may be designated as "Confidential Material." As used herein, Confidential Material may include: (a) all papers, tapes, documents (including answers to interrogatories or requests for admission), disks, diskettes, and other tangible things produced by or obtained from a Producing Party; (b) deposition testimony in this action, including transcripts or portions of depositions herein and exhibits thereto; and (c) all copies, extracts, and complete or partial summaries prepared from such papers, documents, depositions, or things. The designation of Confidential Material shall be made in good faith, and no Producing Party shall designate material as Confidential Material without a reasonable and good faith belief that such designation is

appropriate.  As used herein, "Producing Party" shall refer to any person or entity producing information, documents, discovery responses, or testimony in connection with this litigation, irrespective of whether the Producing Party is a Party to this action.

2.     Designation of Confidential Material may be made by stamping or otherwise marking the material as follows: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER".

3.     If a Producing Party inadvertently fails to stamp certain documents upon its production, it may, within 30 days, designate such documents as Confidential Material.  In that case, at the request and expense of the Producing Party, and upon receipt of the new documents subsequently designated as Confidential Material, the Receiving Party shall either destroy or return the original documents inadvertently not designated as Confidential Material to the Producing Party.  If the Receiving Party objects to the re-designation, the Receiving Party should follow the procedures set forth in paragraph 12 below.  The Receiving Party shall not be held liable or responsible for any disclosure prior to the subsequent designation of the documents as Confidential Material.  As used herein, "Receiving Party" shall refer to any person or entity receiving information, documents, discovery responses, or testimony in connection with this litigation, irrespective of whether the Receiving Party is a Party to this action

4.     Confidential Material and information derived from Confidential Material shall be used only as reasonably necessary for preparation and trial of this action, including any appeal or retrial, and shall not be used for any other purpose, including, without limitation, any other litigation or proceeding, or any business, competitive, or governmental purpose or function.   Confidential Material and information derived from Confidential Material shall not be disclosed except as set forth in Paragraph 6.   The designation of documents and information as Confidential Material will not be affected or compromised by any disclosure made pursuant to Paragraph 6, and either party may designate those portions of any transcript that concern or relate to Confidential Material or information derived from Confidential Material as confidential under the terms of this Order.

5.     The placing of any confidentiality designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial.

6.     Confidential Material may be disclosed only to the following persons:

(a)     Outside counsel of record for any Party, including partners, associates, and shareholders of such outside counsel;

(b)     Paralegal, stenographic, clerical, technology support, and secretarial personnel employed by counsel described in (a);

(c)     Any Party hereto and any Party's officers, directors, employees, trustees, partners, or in-house legal personnel;

(d)     Percipient witnesses who are former employees, officers, partners, or directors of a Party;

(e)     Witnesses called to testify at deposition or trial;

(f)     Court personnel, including stenographic reporters, engaged in such proceedings as are necessarily incident to preparation for trial and trial of this action;

(g)     Any third-party consultants (including without limitation any imaging or other litigation support vendors) and independent experts retained in connection with this action; and

(h)     Such other persons as hereafter may be designated by written stipulation of all Parties filed in this action or by further order of the Court on motion by any Party to this action.

7.     Each individual, other than those identified in Paragraphs 6(a), (b), (c), and (f) above, to whom Confidential Material is furnished, shown, or disclosed, shall, prior to the time s/he receives access to such materials, be provided by counsel furnishing her/him such material a copy of this Order and agree to be bound by its terms, and shall certify that s/he has carefully read the Order and fully understands its terms, by signing the certificate attached as

- 5 -

Exhibit A. Such person also must consent to be subject to the personal jurisdiction of this Court with respect to any proceeding relating to enforcement of this Order, including any proceeding relating to remedies and sanctions. The certificate shall be of the form set forth in Exhibit A hereto. Counsel making disclosure to any person as described herein shall retain the original executed copy of said certificate until final termination of this litigation, including any appeal or retrial.

8.     Nothing in this Order shall be construed to limit in any way the ability of the Producing Party to use or disclose his, her, or its Confidential Material in any manner whatsoever except that the Producing Party's public disclosure outside this litigation of any of its Confidential Material shall release the parties hereto from any obligation of continuing to maintain the confidentiality of that Confidential Material.

9.     The foregoing is without prejudice to the right of any Party: (a) to apply to the Court for a further protective order relating to any Confidential Material, or relating to any discovery in this litigation; (b) to object to the production of documents it considers not subject to discovery; or (c) to apply to the Court for an order compelling production of documents or modification of this Order, or for any order permitting disclosure of Confidential Material beyond the terms of this Order, or to abolish this Order, at any time.

10.    Any document or thing filed with the Court for any purpose that reveals any Confidential Material shall be filed under seal, subject to the Court's discretion over sealing it.  Consistent with the procedure set forth in Local Rule 5.3, a Party desiring to file any Confidential Material shall deliver two copies of the document or thing containing the Confidential Material to the Clerk's Office, each copy in its own separate sealed envelope.  Marked on the outside of each sealed envelope shall be the style and case number of the action, identification of the document or thing within, and a statement substantially in the following form:

> CONTAINS CONFIDENTIAL INFORMATION FILED UNDER SEAL PURSUANT TO THE DISCOVERY CONFIDENTIALITY ORDER OF [DATE]. TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT OR BY THE COURT OR BY STIPULATION OF THE PARTIES SUBJECT TO THE APPROVAL OF THE COURT.

Subject to the Court's discretion, documents so labeled shall be kept by the Clerk under seal and shall be made available only to the Court or persons authorized by the terms of this Order to have access thereto.  Where possible, only confidential portions of filings with the Court shall be under seal.  The Party filing a document or thing under seal pursuant to this Order shall accompany the filing with a completed sealed document tracking form.

11.    (a)    If Confidential Material is disclosed at a deposition, only the court reporter and those persons who are authorized by the terms of this Order to

receive such material may be present. Counsel for any Party may exclude from the room during a deposition or other proceeding which is subject to the Court's Order, any person (other than the witness who is then testifying) who is not entitled under this Order to receive Confidential Material. Confidential Material shall not be disclosed to the witness then testifying except in strict conformity with the provisions of this Order, including the requirement that the testifying witness agree to be bound by the terms of this Order by executing the agreement set forth in Exhibit A hereof. However, when the witness testifying is employed by one of the Parties, officers of that Party or any Party, whether corporate or individual, may be present at the deposition without violating the provisions of this Paragraph. Furthermore, the witness shall not be restricted by this Order from using Confidential Material of the Party constituting his employer even if such Confidential Material of the Party constituting his employer is disclosed to him during his deposition. The Court shall determine who, if anyone, shall be excluded from the room during hearings, trials, and other proceedings whenever the witness is being asked a question that counsel for either Party deems calls for the disclosure of information or documents which relates to his or her client and which should be treated as Confidential Material under this Order.

(b) All transcripts of depositions and exhibits thereto, shall, in their entirety, be treated as Confidential Material for a period of 45 days after such

- 8 -

transcripts are actually received by counsel for each of the Parties, unless otherwise agreed to by the Parties on the record. During that 45-day period, deposition transcripts, and exhibits thereto, may be designated as Confidential Material pursuant to the terms of this Order by notifying all counsel in this case and counsel for the Producing Party in writing. Any Party or deponent may also designate specific testimony or transcript pages as Confidential Material by notice on the record at the deposition. The portions of the transcripts of all testimony designated as Confidential Material shall be separately bound by the reporter in booklets bearing the appropriate designation. If any document or information designated as Confidential Material pursuant to this Order is used during the course of a deposition herein, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access thereto shall be limited pursuant to the terms of this Order.

12.     Should any Party to whom Confidential Material is disclosed object to the classification of such materials, the Parties shall meet and confer in good faith pursuant to Local Rule 37.1 in an effort to resolve the dispute. In the event the objection cannot be resolved informally, then the Parties must follow the procedure set out in Local Rule 37.1 in order to bring the issue to the attention of the Court. The burden shall be on the designating Party to prove that the materials are deserving of the confidential classification. Until the Court rules to the contrary,

all materials designated as Confidential Material shall be treated as prescribed in this Order.

13.    All Confidential Materials produced by Defendant Home Depot U.S.A., Inc. in the *Stephanie Gitnik, individually and on behalf of all others similarly situated v. Home Depot U.S.A., Inc., d/b/a The Home Depot*; USDC, SDNY; 07 CV 1244 (WP4)(MDF) action may be used in this action pursuant to the terms of this Order.

14.    If any Party or person that has obtained Confidential Material under the terms of this Order receives a subpoena or other legal process commanding the production of any such documents or information (the "subpoena"), such Party or person shall within five (5) business days notify counsel for the Producing Party or the party that designated the information or documents as Confidential Material of the service of the subpoena.  The Party or person receiving the subpoena shall not produce any Confidential Material in response to the subpoena without either the prior written consent of the Party or person that designated the information or documents as Confidential Material or an order of a court of competent jurisdiction.  However, the Party or person that designated the information or documents as Confidential Material in such case shall have the burden of seeking a court order relieving the subpoenaed Party or person of the obligations of the

subpoena prior to the return date of such subpoena, or the subpoenaed Party or person shall be relieved of its obligations under this Paragraph.

15.   The provisions of this Order shall not terminate at the conclusion of this action. Within 90 days of the conclusion of the trial and of any appeals, or upon other termination of this litigation, all documents or copies of documents designated as Confidential Material and received under the provisions of this Order shall either be returned to the Producing Party or person or be destroyed. Documents containing or describing Confidential Material other than attorney work product, trial transcripts and trial exhibits admitted into evidence, declarations executed pursuant to Paragraph 6 hereto, and copies of any pleading or paper filed on record with the Court shall either be returned to the Producing Party or person or be destroyed; *provided, however,* that attorney work product or other privileged documents need not be returned or destroyed, but instead shall be kept privileged and/or confidential by the attorney retaining such work product and/or asserting the privilege. All Parties or persons that received Confidential Material must certify in writing compliance with this section upon request by the Producing Party.

16.   In the event anyone shall violate or threaten to violate any terms of this Order, the aggrieved Party may seek remedies pursuant to applicable federal or New Jersey law. Inadvertent disclosure shall not be deemed a violation of this

Order if the disclosing Party recaptures the disclosed material or otherwise cures disclosure.

17. All persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

18. Nothing in this Order shall provide the basis for any assertion that confidentiality protection should or should not extend to documents used as exhibits at any hearing or trial in this action. Upon request, the Parties shall meet and confer regarding the treatment of Confidential Material at any hearing or trial. In the event the Parties cannot agree on an appropriate form of proposed order, the treatment of Confidential Material, if any, shall be governed by the Pretrial Order or other orders concerning the conduct of the trial.

19. The terms "Party" and "Parties" as used in this Order refer to the current parties to this action as well as any parties who may later be added to or join this action. The terms of this Order shall apply automatically to any such later added or joined parties.

20. Confidential Material shall not be copied or reproduced except to the extent such copying or reproduction is to be used in the conduct of this action, and all such copies or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies or reproductions of Confidential Material are made does not preserve the confidentiality designation that appears on the original

documents, all such copies or reproductions shall be stamped as appropriate pursuant to Paragraph 2 above.

21.    The provisions of this Order may be modified only by agreement of the Parties or order of the Court.  Any Party or third party is free to request such modification.

22.    All documents produced by, or discovery responses of, any Producing Party in this action, as well as all deposition testimony in these proceedings, including without limitation all Confidential Material, shall be used solely in this litigation, and the preparation and trial of this litigation, or any appellate proceeding arising from this proceeding, and not for any other purpose, including, without limitation, any other litigation, action, or proceeding, or any business, competitive, or governmental purpose or function.

**SO ORDERED** this _31_ day of _January_, 2007.

_____
United States District Judge Mary L. Cooper

**CONSENTED TO:**

SQUITIERI & FEARON, LLP

Olimpio Lee Squitieri
32 East 57th Street
12th Floor
New York, New York 10022

Attorneys for Plaintiff Fred Traverso

STARR, GERN, DAVISON & RUBIN, P.C.

Nicholas Stevens, Esq.
105 Eisenhower Parkway
Roseland, New Jersey 07068-1050
Tel:  (973) 403-9200
Fax:  (973) 226-0031

OF COUNSEL:
KING & SPALDING LLP
Dwight J. Davis
Phyllis B. Sumner
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Tel:  (404) 572-4600
Fax:  (404) 572-5140

Kimberly L. Frederick
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 556-2100
Fax: (212) 556-2222

Attorneys for Defendant
Home Depot U.S.A., Inc..

- 14 -

## <u>EXHIBIT A</u>

### AGREEMENT TO BE BOUND BY THE
### DISCOVERY CONFIDENTIALITY ORDER
### REGARDING CONFIDENTIALITY OF DOCUMENTS

I, the undersigned, hereby acknowledge that I have received and read a copy

of the Discovery Confidentiality Order ("Order") entered in *Traverso v. The Home*

*Depot U.S.A., Inc.*, Civil Action No.07-1324, United States District Court, District

of New Jersey; that I understand the provisions in the Order prohibiting the

disclosure, exploitation, or use of Confidential Material or other discovery or

deposition testimony for any purpose or in any manner not connected with the

prosecution or defense of that matter; that I agree to be bound by all provisions of

the Order; that I submit to the jurisdiction of the Court in which that matter is

pending, and that I understand that sanctions may be imposed by the Court,

including any applicable remedies and sanctions, if I fail to abide by and comply

with all the terms, conditions, and restrictions imposed by the Order.


_____              _____

Date                                 Name (printed & signature)

STARR, GERN, DAVISON & RUBIN, P.C.
Nicholas Stevens, Esq.
105 Eisenhower Parkway
Roseland, New Jersey 07068-1050
(973) 403-9200 (tel.)
(973) 226-0031 (fax)

Attorneys for Defendant
Home Depot U.S.A., Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRED TRAVERSO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., d/b/a The Home Depot,<br><br>Defendant. | Civil Action No. 3:07-cv-01324 (MLC)(JJH) |

## CERTIFICATION IN SUPPORT OF JOINT
## PROPOSED DISCOVERY CONFIDENTIALITY ORDER

I, PHYLLIS B. SUMNER, an attorney admitted by pro hac vice to practice in the Courts of the State of New Jersey for this action, certify the following under penalty of perjury in support of the parties' Joint Proposed Discovery Confidentiality Order:

1

1.     I am over the age of 18 years and a member of King & Spalding LLP located at 1180 Peachtree Street, N.E., Atlanta, Georgia 30309-3521, counsel for Defendant Home Depot U.S.A., Inc. ("Home Depot").

2.     Pursuant to L. Civ. R. 5.3(b)(1), Plaintiff and Defendant have entered into a written confidentiality agreement (the "Joint Proposed Discovery Confidentiality Order") to keep certain materials produced in discovery confidential and to return or destroy such materials as agreed and allowed by law.

3.     Pursuant to L. Civ. R. 5.3(b)(2), this Certification is submitted in support of the Joint Proposed Discovery Confidentiality Order agreed to by the parties.

4.     The nature of the materials to be kept confidential under the Joint Proposed Discovery Confidentiality Order involve materials containing private customer information and Home Depot internal policies, procedures, training manuals, guidelines and forms, as well as other proprietary business and financial information concerning Home Depot, including carpet and installation transactions, pricing, costs, market reports and contracts with third parties such as installers.

5.     The legitimate private or public interests which warrant confidentiality are the privacy interests of individual customers who have done business with Home Depot and the right of Home Depot to compete in the market

2

place by maintaining the confidentiality of its proprietary business and financial information.

6. The clearly defined serious injury that would result should the order not be entered would be the possibility of unwanted solicitation, disclosure or misuse of personal information of Home Depot customers and loss of business or other economic harm to Home Depot as a result of its proprietary and financial information being disclosed to competitors.

Executed this 10th day of January 2008:

Phyllis B. Sumner